# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheltenham School District and   :
Cheltenham Township   :
  :
       v.   :   No. 100 C.D. 2025
  :   No. 171 C.D. 2025
  :   ARGUED: May 12, 2026
  :
Montgomery County Board of   :
Assessment Appeals and   :
36 Township Line Storage LP   :
  :
Appeal of: 36 Township Line   :
Storage LP   :


36 Township Line Storage LP,   :
            Appellant   :
  :
       v.   :   No. 101 C.D. 2025
  :   No. 172 C.D. 2025
Montgomery County Board of   :
Assessment Appeals, Cheltenham   :
School District, and Cheltenham   :
Township   :

BEFORE:   HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: July 13, 2026**

Before the Court are the appeals of 36 Township Line Storage LP (Taxpayer) and cross-appeals of Cheltenham Township School District and Cheltenham Township (collectively, Cheltenham) from the December 9, 2024 order

of the Court of Common Pleas of Montgomery County.[1]  Because the trial court's order is interlocutory and non-appealable, the above-consolidated appeals are hereby quashed, and these matters are remanded to the trial court for further proceedings consistent with this opinion.

Taxpayer owns property located at 36 Township Line Road, Cheltenham, Pennsylvania, which is improved by a 121,646-square-foot building operating as a self-storage facility (Property).  In July 2021, Taxpayer and Cheltenham appealed the Property's 2022 tax assessment to the Montgomery County Board of Assessment Appeals.  In November 2021, the Board issued a Notice of No Change in Assessment.  Both parties appealed to the trial court, which did not consolidate the matters but heard them together.[2]

Cheltenham and Taxpayer filed a pre-trial Stipulation in which the parties agreed that the Property had implied market values of $9,895,548 for tax year 2022, $11,169,974 for tax year 2023, and $12,460,028 for tax year 2024, with respective common level ratios of 44.7%, 39.6%, and 35.5%.  Reproduced Record (R.R.) at 10a.  Multiplying the implied market values by the applicable common level ratios resulted in a tax assessment of $4,423,310 for tax years 2022-2024.  *Id.* The parties further agreed that the market value of the Property for tax year 2023, as determined by the trial court, would be the market value of the Property for tax year 2024.  *Id.*  The parties subsequently agreed to extend the market value stipulation to tax year 2025.  *Id.* at 1649a, 1804a.  The trial court held a trial over four days, during

---

[1] Taxpayer also appeals from the trial court's November 25, 2024 memorandum and order, and "all prior orders."  *See* Notice of Appeal, *Cheltenham Sch. Dist. v. Montgomery Cnty. Bd. of Assessment Appeals* (Pa. Cmwlth., No. 100 C.D. 2025); Notice of Appeal, *36 Township Line Storage LP v. Montgomery Cnty. Bd. of Assessment Appeals* (Pa. Cmwlth., No. 101 C.D. 2025). Cheltenham only appeals the trial court's December 9, 2024 order.

[2] Taxpayer and Cheltenham filed separate notices of appeal for each trial court docket number. This Court consolidated the four appeals on May 7, 2025.

which each party presented expert testimony on the Property's market value for tax years 2022 and 2023.

The trial court rejected the testimony and opinions of both experts as not credible in a memorandum and order issued on November 25, 2024. Original Record (O.R.), Item No. 43 at 19. Because neither party produced "sufficient, competent, credible and relevant evidence to overcome the" *prima facie* validity of the Board's assessment, the trial court reinstated the Board's November 2021 tax assessment of $4,423,310 for tax years 2022-2024. *Id.* at 18.

On December 5, 2024, Taxpayer filed a post-trial motion asserting that the trial court's memorandum and order deviated from the Stipulation, which provided that the Property's market value would remain constant for tax years 2023-2025. Taxpayer also argued that the trial court erred in rejecting its expert witness, and that the trial court misapplied the applicable burdens and standard for rebutting the Board's tax assessment.

The trial court issued an order on December 9, 2024, directing Cheltenham to file a response to Taxpayer's motion within 30 days. The trial court acknowledged errors in the November 24, 2025 memorandum and order, and advised the parties it would "modify" the memorandum and order to reflect the agreements in the Stipulation. O.R., Item No. 46 at 1-2. Cheltenham filed its response on January 4, 2025. On January 8, 2025, before the trial court could rule on Taxpayer's post-trial motion, Taxpayer filed a notice of appeal with this Court. Cheltenham filed its notice of appeal on January 21, 2025.

In a subsequent opinion, the trial court clarified that the December 9, 2024 order did not modify or replace its November 25, 2024 memorandum and order. The trial court merely advised the parties that it would issue a separate order modifying the November 25, 2024 memorandum and order in accordance with the

3

Stipulation and disposing of Taxpayer's post-trial motion. The trial court noted that Rule 227.1(g) of the Pennsylvania Rules of Civil Procedure (Civil Rules) prohibits post-trial relief in appeals from a local agency.[3] Although the trial court accepted Taxpayer's post-trial motion, it was divested of jurisdiction over that motion after Taxpayer filed its notice of appeal. Therefore, the trial court opined that its final order was issued on November 25, 2024, and the appeals filed by Taxpayer and Cheltenham were untimely, having been filed on January 8, 2025, and January 21, 2025, respectively. In the event this Court did not agree that the appeals were untimely, the trial court adopted the November 25, 2024 memorandum and order as its Pa.R.A.P. 1925(a) opinion.

In a May 2025 Order, this Court directed the parties to address timeliness and appealability in their principal briefs on the merits. The Court will first address whether the trial court's December 9, 2024 order is appealable.

Rule 341(a) of the Pennsylvania Rules of Appellate Procedure (Appellate Rules) provides that an appeal may be taken as of right from any final order of a government unit or trial court. Pa.R.A.P. 341(a). Generally, a final order disposes of all claims and of all parties. The trial court may enter a final order as to fewer than all claims and parties "only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). As the trial court has not issued a determination of finality, Appellate Rule 341(c) is inapplicable. Thus, for purposes of the instant appeals, "an order is final if it disposes of all claims and all parties, and an order is interlocutory when it does not effectively put a litigant out of court." *McCloskey v. Pa. Pub. Util. Comm'n*, 219

---

[3] Civil Rule 227.1(g) prohibits post-trial motions in local agency appeals where jurisdiction is vested in the court of common pleas. Pa.R.Civ.P. 227.1(g).

A.3d 692, 698 (Pa. Cmwlth. 2019) [quoting *Koken v. Colonial Assurance Co.*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005)].

Taxpayer contends that the December 9, 2024 order is the final, appealable order because the trial court accepted Taxpayer's post-trial motion, directed Cheltenham to file a response, and reconsidered and amended the November 25, 2024 decision. Taxpayer concedes that its notice of appeal may have been premature. Rather than quash the appeal, Taxpayer suggests the Court should treat it as filed on February 7, 2025. Alternatively, Taxpayer argues that its notice of appeal became effective upon expiration of the period for acting on Taxpayer's post-trial motion,[4] and, if necessary, this Court could remand the matter to the trial court for formal entry of judgment. Cheltenham acknowledges that the trial court has not entered a final order; however, because a judgment can be entered at any time, Cheltenham suggests that dismissing the appeal at this stage would be a waste of resources for the Court and the parties.

We reject Taxpayer's argument that the trial court's December 9, 2024 order was a final order. Where the trial court "accepts and prepares to resolve post-trial motions . . . the initial order entered after trial is not the appealable order." *In re PP&L, Inc.*, 838 A.2d 1, 5-6 (Pa. Cmwlth. 2003). The subsequent order disposing of post-trial motions is the order from which an appeal may be taken. *Id.* at 6. The order is not a final order subject to appeal, however, until it is reduced to judgment and entered onto the docket. *McCormick v. Ne. Bank of Pa.*, 561 A.2d 328, 330 (Pa. 1989); *Falini v. Brinton Square Condo. Ass'n* (Pa. Cmwlth, No. 676 C.D. 2015, filed

---

[4] Civil Rule 227.4(1)(b) states that, upon praecipe of a party, the prothonotary shall enter judgment if the trial court has not entered an order disposing of post-trial motions within 120 days after filing. Pa.R.Civ.P. 227.4(1)(b).

Feb. 1, 2016).[5]  A trial court's order is not final for purposes of filing an appeal until the trial court decides any timely post-trial motions.  *Gun Owners of Am., Inc. v. City of Phila.*, 311 A.3d 72, 79 (Pa. Cmwlth. 2024) [citing *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002)].  Here, although the trial court indicated it would issue an order correcting errors in the November 25, 2024 memorandum and order, it has not done so, and the trial court confirmed in its February 7, 2025 opinion that the December 9, 2024 order did not modify or replace the memorandum and order.  Simply put, the December 9, 2024 order did not dispose of "all claims and all parties," and it does not fit within any of the types of interlocutory orders for which an appeal may be taken as of right under Appellate Rule 311.  The Court also rejects Taxpayer's argument that the February 7, 2025 opinion was a final order, as it did not dispose of Taxpayer's post-trial motion but merely addressed the timeliness of Taxpayer's appeal and proffered the November 24, 2024 memorandum and order as its 1925(a) opinion.

As to whether the trial court was divested of jurisdiction to rule on Taxpayer's post-trial motion, Appellate Rule 1701(a) generally provides that once a party files an appeal, the trial court "may no longer proceed further in the matter." Pa.R.A.P. 1701(a).  This general rule is subject to several exceptions, including where "a non-appealable interlocutory order has been entered[.]"  Pa.R.A.P. 1701(b)(6).  An appeal filed prior to the trial court ruling on post-trial motions and entering judgment is premature and does not divest the trial court of its authority to dispose of post-trial motions.  *City of Phila. v. Galdo* (Pa. Cmwlth., Nos. 532, 537 C.D. 2020, filed Dec. 12, 2021) [citing *Valley Gypsum Co, Inc., v. Pa. State Police*, 581 A.2d 707 (Pa. Cmwlth. 1990); *Melani v. Nw. Eng'g, Inc.*, 909 A.2d 404 (Pa.

---

[5] Unreported panel decisions of this Court are cited for their persuasive value, per Section 414(a) of the Court's Internal Operating Procedures.  240 Pa. Code § 69.414(a).

Super. 2006)].[6] Allowing an appeal to proceed when post-trial motions are pending with the trial court "frustrate[s] the orderly disposition" thereof. *Valley Gypsum*, 581 A.2d at 709. In circumstances like those presented in the instant matter, the appropriate remedy is to quash the appeal and remand to the trial court to dispose of the outstanding post-trial motions.[7] *See Valley Gypsum* (trial court order dismissing post-trial motions was vacated and matter remanded to trial court for disposition of post-trial motions); *Melani* (trial court was not divested of jurisdiction to dispose of post-trial motions where order on appeal was non-appealable interlocutory order).

For the reasons set forth herein, these consolidated appeals are quashed as interlocutory. This matter is remanded to the trial court to dispose of Taxpayer's post-trial motion.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] Although Superior Court decisions are not binding on this Court, they may offer persuasive precedent where analogous issues are addressed. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[7] In *Doyle v. Muniz-Nieves*, 343 A.3d 361, 364 n.6 (Pa. Cmwlth. 2025), this Court elected to address the merits of a premature appeal, rather than quash and remand to the trial court, as it was "evident the trial court would not grant the post-trial relief" sought. Instantly, the trial court indicated it would issue an order correcting errors in the November 25, 2024 memorandum and order, which suggests the trial court would, at least in part, grant Taxpayer's post-trial motion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheltenham School District and
Cheltenham Township

       v.

Montgomery County Board of
Assessment Appeals and
36 Township Line Storage LP

Appeal of: 36 Township Line
Storage LP

36 Township Line Storage LP,
               Appellant

       v.

Montgomery County Board of
Assessment Appeals, Cheltenham
School District, and Cheltenham
Township

:
:
:
:
:   No. 100 C.D. 2025
:   No. 171 C.D. 2025
:
:
:
:
:
:
:
:
:
:
:
:
:
:   No. 101 C.D. 2025
:   No. 172 C.D. 2025
:
:
:
:

## O R D E R

AND NOW, this 13th day of July, 2026, the above-consolidated appeals are hereby QUASHED, and this matter is remanded to the Court of Common Pleas of Montgomery County for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita